M. Candice Bryner, State Bar No. 192462
**LAW OFFICES OF M. CANDICE BRYNER
A PROFESSIONAL CORPORATION**
900 Roosevelt
Irvine, CA 92620
Telephone: (949) 371-9056
Facsimile: (949) 679-2492
Email: Candice@brynerlaw.com

Attorneys For Creditor
Genutec Business Solutions, Inc.

### UNITED STATES BANKRUPTCY COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### (RIVERSIDE DIVISION)

| | |
|---|---|
| In Re:<br><br>LEON J. DANNA AND PATRICIA S. DANNNA | Chapter 7 Case No. 6:11-bk-41390-DS<br><br>Adversary Case No. 6:12-ap-01017-DS<br><br>The Honorable Deborah Saltzman<br><br>**GENUTEC BUSINESS SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO STAY ADVERSARY PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF M. CANDICE BRYNER**<br><br>Date: February 16, 2012<br>Time: 10:30 a.m.<br>Crtrm: 304<br>Floor: 3 |

---

**NOTICE OF MOTION AND MOTION TO STAY ADVERSARY PROCEEDING**

TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, DEBTORS LEON J. DANNA AND PATRICIA S. DANNA, CHAPTER 7 TRUSTEE TODD A. FREALY, THE U.S. TRUSTEE, CREDITORS AND OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT, on February 16, 2012 at 10:30 a.m., or as soon thereafter as the matter may be heard, Plaintiff GENUTEC BUSINESS SOLUTIONS, INC. will and hereby does move this Court to enter an Order staying the present adversary proceeding until the outcome of the trial in the concurrently pending State Action entitled *Genutec Business Solutions, Inc. v. Taus, et al.*, Orange County Superior Court Case No. 07CC07918.

If you wish to oppose or respond to this Motion, you must file a written response with the Clerk of the United States Bankruptcy Court at 3420 Twelfth Street, Riverside California, 92501, serve a copy of it on the counsel for Genutec, the Chapter 7 Trustee and the U.S. Trustee not less than 14 days prior to the above hearing (i.e. February 2, 2012). If you fail to file a response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of M. Candice Bryner and exhibits thereto, and all other papers and pleadings on file with this Court.

Respectfully submitted:

Dated: January 26, 2012

THE LAW OFFICES OF M. CANDICE BRYNER, APC

By: M. Candice Bryner, Attorney for Plaintiff Genutec Business Solutions, Inc.

---

1

**NOTICE OF MOTION AND MOTION TO STAY ADVERSARY PROCEEDING**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff Genutec Business Solutions, Inc. ("Genutec") respectfully requests that this Court grant its Motion to Stay this Adversary Proceeding until the outcome of the parallel civil lawsuit pending in the Orange County Superior Court ("State Action") in which Genutec is prosecuting its claims against Debtor Leon J. Danna, among others, for breach of fiduciary duty and breach of contract. This Court has already granted Genutec relief from the automatic stay to proceed with its claims against Mr. Danna in the State Action. Further, the same facts and issues which support Genutec's claims against Danna in the State Action also support Genutec's claim against Danna in this Adversary Proceeding for Objection to Discharge Under 11 U.S.C. § 523(a)(4).

Good cause exists to stay this Adversary Proceeding until the outcome of the judgment in the State Action because the factual findings of the Court in the State Action will have collateral estoppel effect and will obviate the need for significant discovery in this Adversary Proceeding. Further, the parties will not be prejudiced if this Court grant a stay because the Adversary Proceeding is in its infancy and no discovery has been conducted.

**II.    BACKGROUND OF RELEVANT FACTS**

In July 2007, Genutec commenced the State Action against its former Chief Executive Officer and Chairman of the Board, Debtor Leon J. Danna (as well as other third-party Defendants) for breach of fiduciary duty and breach of contract. During the course of discovery in the State Action, Genutec obtained evidence to support its claims that Mr. Danna mismanaged Genutec and engaged in numerous acts of fraud and self-dealing. (Declaration of M. Candice Bryner, ¶ 2, Ex. 1).

On January 17, 2012, Genutec filed the present Adversary Complaint against the Debtors. Genutec alleges a claim against Mr. Danna under 11 U.S.C. § 523(a)(4) and against both of the Debtors under 11 U.S.C. § 727. (Bryner Dec., ¶ 3).

The <u>same facts</u> which support Genutec's claims against Mr. Danna in the State Action are alleged in greater particularity in the Adversary Complaint against Mr. Danna in this Action. These facts also support Genutec's claim against Mr. Danna for Objection to Discharge under 11 U.S.C. § 523(a)(4).  (Bryner Dec., ¶ 4).

The Debtors' Response to the Adversary Complaint is not due until February 17, 2012, no scheduling order has been entered, and the parties have conducted no discovery to date. (Bryner Dec., ¶ 5).

By contrast, all discovery and expert discovery have been completed in the State Action, the parties ready to proceed to trial, and the trial is scheduled for September 24, 2011.  On January 23, 2012, this Court entered an Order granting Genutec Relief from the Automatic Stay so that it may proceed to trial against Mr. Danna in the State Action.  An adjudication of the issues in the State Action will result in a determination as to whether Mr. Danna engaged in the conduct alleged in this Adversary Proceeding which supports Genutec's objection to discharge under 11 U.S.C. § 523(a)(4).  (Bryner Dec., ¶ 6).

## III. THE ADVERSARY PROCEEDING SHOULD BE STAYED UNTIL THE OUTCOME OF THE STATE ACTION

### A. <u>The Bankruptcy Court has Authority to Stay this Adversary Proceeding</u>

Courts are empowered to issue stays pursuant to their inherent power to control their docket and calendar. <u>Mediterranean Enterprises v. Ssangyong Corp.</u> (9th Cir. 1983) 708 F.2d 1458, 1465. When "it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it," the court may do so "pending resolution of independent proceedings which bear upon the case." <u>Id</u>. at 14665 (quoting <u>Leyva v. Certified Grocers of California, Ltd.</u> (9th Cir. 1979) 593 F.2d 857, 863-864.  This rule "does not require that the issues in [the other] proceedings are necessarily controlling of the action before the court." <u>Leyva,</u> 593 F.2d 863-864 (citations omitted).  "[T]he court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination

of the cases pending before it." *Id.* at 864; *Landis v. North American Co.* (1936) 299 U.S. 248, 254 (district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with judicial economy of time and effort for itself, for counsel, and for litigants."

### B.  Judicial Economy and the Convenience of the Court in the Management of Its Cases Favors Staying this Adversary Action

The benefits of permitting the State Action to proceed to judgment first are clear. First, if the Court grants a stay, the issues in this Adversary Proceeding will be streamlined and focused in that certain factual issues will be established in the State Action that will affect the claims and defenses in this Adversary Proceeding that will not have to be re-litigated. *In re Phillips* (6th Cir. BAP 2010) 434 B.R. 475, 489 ("Where a state court determines factual questions using the same standards as the bankruptcy court would, collateral estoppel should be applied to promote judicial economy").

In addition to simplifying the issues, resolution of the State Action may also reduce the scope of discovery and narrow the evidentiary issues to be decided in this case. Indeed, the proceedings in this Adversary Action are in their infancy. The Debtors have not yet responded to the Complaint, no scheduling order has been entered, and the parties have conducted no discovery of any kind. Thus, transcripts and other evidence from the State Action would be available which would eliminate the need for substantial discovery in this Action.

Finally, a stay will not prejudice the parties, and the parties may be harmed if the stay is not granted. Absent a stay, there is a substantial risk of duplication of efforts and inefficient use of judicial resources. This Court has already granted Genutec relief from the automatic stay so that it may proceed to trial against Mr. Danna in the State Action. The factual issues necessary to determine liability in the State Action have been fully litigated through discovery and are awaiting trial. If no stay is entered pending outcome of the trial in the State Action, the parties will be required to duplicate their efforts to prepare for a trial in this Adversary Proceeding at the same time they are attempting to prepare for the trial in the State Action.

## IV. CONCLUSION

For all of the foregoing reasons, Genutec respectfully requests that this Court grant its Motion to Stay this Adversary Proceeding pending the outcome of the trial in the State Action.

Respectfully submitted:

Dated: January 26, 2012

THE LAW OFFICES OF M. CANDICE BRYNER, APC

_____
By: M. Candice Bryner, Attorney for
Creditor Genutec Business Solutions, Inc.

## **DECLARATION OF M. CANDICE BRYNER**

I, M. Candice Bryner, declare:

1.    I am an attorney licensed to practice in all the Courts in the State of California and the United States Bankruptcy Court for the Central District of California. I am a principal of the Law Offices of M. Candice Bryner, counsel for Plaintiff Genutec Business Solutions, Inc. ("Genutec") in the above-captioned action. I have personal knowledge of the facts set forth herein and if called to testify thereto, I could and would competently do so based upon my personal knowledge.

2.    In addition to this Adversary Proceeding, I also represent Genutec in connection with the State Court Action pending against Debtor Leon J. Danna, among others, entitled _Genutec v. Taus, et al._ Orange County Superior Court Case No. 07CC07918 ("State Action"). Genutec commenced the State Action in July 2007. During the course of discovery in the State Action, Genutec obtained evidence to support its claims that Mr. Danna mismanaged Genutec and engaged in numerous acts of fraud and self-dealing. Attached hereto as Exhibit 1 is a true and correct copy of Genutec's Fourth Amended Complaint in the State Action.

3.    On December 6, 2011, Debtors Leon J. Danna and Patricia S. Danna filed for Chapter 7 Bankruptcy. On January 17, 2012, Genutec filed the present Adversary Complaint against the Debtors. Genutec alleges claims against Mr. Danna under 11 U.S.C. § 523(a)(4) and against both of the debtors under 11 U.S.C. § 727.

4.    The same facts which support Genutec's claims against Mr. Danna in the State Action are alleged in greater particularity in the Adversary Complaint against Mr. Danna. These facts also support Genutec's claim against Mr. Danna for Objection to Discharge under 11 U.S.C. § 523(a)(4).

5.    The Debtors' Response to the Adversary Complaint is not due until February 17, 2012, no scheduling order has been entered, and the parties have conducted no discovery to date.

6.    By contrast, all discovery and expert discovery has been completed in the State Action, the parties ready to proceed to trial, and the trial is scheduled for September 24, 2011. On January 23, 2012, this Court entered an Order granting Genutec Relief from the Automatic

6
**NOTICE OF MOTION AND MOTION TO STAY ADVERSARY PROCEEDING**

Stay so that it may proceed to trial against Mr. Danna in the State Action. The adjudication of the issues in the State Action will result in a determination as to whether Mr. Danna engaged in the conduct alleged in this Adversary Proceeding which supports Genutec's objection to discharge under 11 U.S.C. § 523(a)(4).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of January 2012 at Irvine, California.

_____
M. Candice Bryner